Jungsse Mickelahem **08 CV 02059**

BLANK ROME, LLP
Attorneys for Plaintiff
MELODIA SHIPPING INC.
Thomas H. Belknap, Jr. (TB-3188)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000
tbelknap@blankrome.com



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| MELODIA SHIPPING INC.,<br><br>        Plaintiff,<br><br>    -against-<br><br>LOUIS DREYFUS COMMODITIES SUISSE S.A.,<br><br>        Defendant. | 08 Civ.<br><br>**VERIFIED COMPLAINT** |

Plaintiff, MELODIA SHIPPING INC. ("Plaintiff"), by its attorneys Blank Rome, LLP, complaining of the above-named Defendant, LOUIS DREYFUS COMMODITIES SUISSE S.A., ("Defendant"), alleges upon information and belief as follows:

    1.    This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333.

    2.    At all material times, Plaintiff was and now is a Marshall Islands corporation with no place of business in the United States.

3.      At all material times, Defendant was and is a foreign corporation or other business entity organized with its offices at 29, route de l'Aeroport, P.O. Box 236, CH-1215 Geneva 15, Switzerland, and with no place of business in the United States.

4.      By a charter party dated on or about October 16, 2007, ("the Charter"), Plaintiff chartered the ocean-going cargo vessel M/V PROTON I ("the Vessel") to Defendant for the carriage of a cargo of barley from Valencia, Spain to one safe port in Saudi Arabia.

5.      In breach of the Charter, Defendant has to date wrongfully failed to pay freight and demurrage as and when it became due in the amount of $1,063,550.05, no part of which has been paid although duly demanded.

6.      Additionally, when the cargo was discharged at Damman, Saudi Arabia, the cargo receivers lodged a claim against Plaintiff for alleged shortage. As a consequence, Plaintiff's protection and indemnity insurer was forced to give security in the form of a letter of undertaking to the cargo receivers in the amount of $219,915.

7.      Under the charter terms, all loading and discharge was carried out at the sole risk and expense of Defendant; consequently, Plaintiff demanded that Defendant provide it security in respect of this cargo shortage claim. To date, however, Defendant has refused to do so.

8.      As a result of Defendant's breaches of the Charter, Plaintiff has been exposed to liability to the cargo interests and has had to give them security on their claims, for which Defendant is principally liable.

9.      The Charter provides for arbitration of disputes in London. Plaintiff reserves it right to arbitrate the disputes pursuant to 9 U.S.C. § 8.

10. Maritime Arbitrators in London routinely award interest, legal fees and arbitral costs to a successful party. Plaintiff estimates recoverable interest will be at least US$250,000 and fees and costs will be another $100,000.

11. Accordingly, the total amount of Plaintiff's claims for which Plaintiff requests issuance of Process of Maritime Attachment and Garnishment is **US$1,633,465**.

12. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight and/or hire credits in the hands of garnishees in this District, including but not limited to electronic fund transfers.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims, attaching all of Defendant's tangible or intangible property or any other funds held by any garnishee in the district which are due and owing or otherwise the property of the Defendant up to the amount of **US$1,633,465** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.    That this Court enter judgment for Plaintiff's damages plus interest and costs, or

retain jurisdiction over this matter through the entry of a judgment on an arbitration award.

D.    That Plaintiff may have such other, further and different relief as may be just and

proper.

Dated: New York, NY
        February 29, 2008

Respectfully submitted,
BLANK ROME, LLP
Attorneys for Plaintiff
MELODIA SHIPPING INC.

By _____
        Thomas H. Belknap, Jr. (TB-3188)
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000
tbelknap@blankrome.com

4

## **VERIFICATION**

STATE OF NEW YORK          )
                                                : ss.:
COUNTY OF NEW YORK     )

Thomas H. Belknap, Jr., being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for the Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

Thomas H. Belknap, Jr.

Sworn to before me this
29th day of February, 2008

Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126, Qual. in Nassau Cty.
Certate Filed in New York County
ion Expires Nov. 30, 2009

BLANK ROME, LLP
Attorneys for Plaintiff
MELODIA SHIPPING INC.
Thomas H. Belknap, Jr. (TB-3188)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000
tbelknap@blankrome.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MELODIA SHIPPING INC., | 08 Civ. |
| Plaintiff, | |
| -against- | **AFFIDAVIT UNDER** <br> **SUPPLEMENTAL RULE B** |
| LOUIS DREYFUS COMMODITIES SUISSE S.A., | |
| Defendant. | |

STATE OF NEW YORK      )
                                          )    ss:
COUNTY OF NEW YORK    )

THOMAS H. BELKNAP, JR., being duly sworn, deposes and says:

1.      I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome, LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the complaint and submit this affidavit in support of Plaintiff's request for the issuance of process of maritime attachment and garnishment of the property of defendant, LOUIS DREYFUS COMMODITIES SUISSE S.A. ("Defendant"), a foreign corporation, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

900200.00001/6620574v.1

2.    Defendant is a party to a maritime contract of charter party and is a foreign corporation with no office or place of business within this judicial district.

3.    Under my supervision, my office did a search of the New York State Secretary of State, Division of Corporations, the Transportation Tickler, telephone assistance, and a general internet search. We also sent a clerk from our office to 200 Park Avenue in New York, New York, where certain "Louis Dreyfus" entities have their offices; however, we found no listing for Louis Dreyfus Commodities Suisse S.A. The Louis Dreyfus website lists defendant's address at 29, route de l'Aeroport, P.O. Box 236, CH-1215 Geneva 15, Switzerland and shows no listing for that company in New York.

4.    In our search, we did not find any listing or reference to Defendant in this judicial district or the state of New York. In the circumstances, I believe Defendant cannot be found within this district.

THOMAS H. BELKNAP, JR.

Sworn to before me this
29th day February, 2008

_____
Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30 4783126 Cert in Nassau
Certificate Filed in New York Cty.
Commission Expires New York County
Nov. 30, 2009