NOURSE & BOWLES, LLP
Attorneys for Defendant
LOUIS DREYFUS COMMODITIES SUISSE S.A.
One Exchange Plaza
At 55 Broadway
New York, NY 10006-3030
(212) 952-6200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MELODIA SHIPPING INC.,                      :
                                            :
                Plaintiff,                  :
                                            :   08 Civ. 02059
        - against -                         :
                                            :   **ANSWER TO COMPLAINT**
LOUIS DREYFUS COMMODITIES SUISSE            :   **AND COUNTERCLAIM**
S.A.                                        :
                                            :
                Defendant.                  :
-----------------------------------------------------------------X

Defendant, LOUIS DREYFUS COMMODITIES SUISSE S.A. (hereinafter referred to as "Defendant"), by its attorneys, NOURSE & BOWLES, LLP, as and for its Verified Answer and Counterclaim to the Complaint of MELODIA SHIPPING INC. (hereinafter referred to as "Plaintiff") herein alleges on information and belief as follows:

## AS AND FOR DEFENDANT'S ANSWER

1.      Defendant admits the allegations contained in paragraph 1 of the Complaint.

2. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. Defendant admits that it is a Swiss corporation and admits the allegations contained in paragraph 3 of the Complaint.

4. Defendant admits there is a charter party and refers to the terms thereof for the relevant voyage.

Except as so admitted, it denies the allegations contained in paragraph 4 of the Complaint.

5. Defendant denies that any amount is due Plaintiff and denies the allegations contained in paragraph 5 of the Complaint.

6. Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Defendant admits the term of the charter but denies that it has any obligation to provide security as alleged in paragraph 7 of the Complaint.

8. Defendant denies the allegations contained in paragraph 8 of the Complaint.

9. Defendant admits the charter is subject to arbitration in London.

10. Defendant admits that interest, legal fees and costs are normally awarded to the prevailing party in London arbitration.

Except as so admitted, Defendant denies the allegations contained in paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint.

12. Defendant admits the allegations contained in paragraph 12 of the Complaint.

### FIRST DEFENSE

13. Defendant denies that it is subject to the in personam jurisdiction of this Honorable Court.

### SECOND DEFENSE

14. Defendant generally denies the claim of Plaintiff, and denies it has any liability to Plaintiff, as alleged.

### THIRD DEFENSE

15. Plaintiff's Complaint fails to state a valid claim against Defendant upon which relief can be granted.

### FOURTH DEFENSE

16. Defendant asserts, by way of defense, the terms and conditions of the Charter Party.

### FIFTH DEFENSE

17. On a proper accounting under the charter, including a proper counting of laydays, no amount is due Plaintiff and, in fact, the amount of $104,576.32 is due to Defendant.

## STAY OF ACTION

18. Plaintiff's claim against Defendant should be stayed pending arbitration.

## AS AND FOR DEFENDANT'S COUNTERCLAIM

19. Defendant repeats and realleges paragraphs 1-18 above as if set forth herein at length.

20. Defendant's counterclaim arises under the aforesaid Charter Party between it and Plaintiff and is an admiralty and maritime claim within this Court's admiralty and maritime jurisdiction and within Rule 9(h) of the Federal Rules of Civil Procedure.

21. Plaintiff has incorrectly counted laytime. When properly counted, Defendant has a claim for despatch which, when a proper accounting under the charter is done, results in Plaintiff owing to Defendant the principal amount of $104,576.32.

22. Defendant's claim is subject to arbitration in London where legal and arbitral costs are routinely awarded to the prevailing party. Defendant claims costs in the amount of $250,000, the same amount sought by Plaintiff in its Complaint to both defend Plaintiff's claims and prosecute Defendant's counterclaim.

23. Interest is also routinely awarded in arbitration in London and Defendant claims interest in the estimated amount of $20,000.

24. Defendant's counterclaim against Plaintiff, with costs and interest, amounts to $374,576.32, as best as can presently be calculated.

25. Defendant should be entitled under Rule E(7) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure to countersecurity for its counterclaim, including interest and costs.

WHEREFORE, Defendant prays:

(a) That Plaintiff's Complaint be dismissed with costs and its attachment of Defendant's assets vacated or reduced;

(b) That Defendant have countersecurity for its counterclaims;

(c) That the action and counterclaim be stayed pending arbitration; and

(d) That Defendant have any further and different relief as may be just and proper.

Dated: New York, New York
       March 6, 2008

                                          NOURSE & BOWLES, LLP
                                          Attorneys for Defendant
                                          LOUIS DREYFUS COMMODITIES SUISSE S.A.

By: _____
       Armand M. Pare, Jr.(AP-8575)
       One Exchange Plaza
       At 55 Broadway
       New York, NY  10006-3030
       (212) 952-6200